**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JUDY STRIPLING,

    Plaintiff,

v.          CASE NO. 4:12cv628-RH/CAS

BIS INDUSTRIAL SERVICES, INC.,

    Defendant.

_____/

**ORDER DENYING THE MOTION TO STRIKE
THE DEMAND FOR EQUITABLE RELIEF**

The complaint alleges that the defendant terminated the plaintiff's employment in retaliation for filing a workers' compensation claim. The complaint demands damages and equitable relief, including reinstatement. The defendant has moved to strike the demand for equitable relief.

The retaliation claim arises under Florida Statutes § 440.205. The Florida Supreme Court has said, in dictum, that "Section 440.205 does not authorize the court to order reinstatement of the employee." *Scott v. Otis Elevator Co.*, 572 So. 2d 902, 903 (Fla. 1990). That is an odd proposition. A statute that creates a private right of action without setting out the available remedies ordinarily is enforceable at least with equitable relief; the dispute usually is over whether such a

statute also authorizes a damages award.  *See, e.g.*, *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60 (1992) (addressing federal law).  And reinstatement is ordinarily an available—indeed, preferred—remedy for an employee's unlawful termination.  *See, e.g.*, *Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435 (11th Cir. 1985) (addressing federal law).  Defendants often like it that way; it is usually a defendant, not a plaintiff, who asserts that a remedy should be reinstatement instead of an award of damages for future lost wages.  The defendant here should perhaps be careful what it wishes for.

Motions to strike are disfavored.  And the substantive issue raised by this motion, if not moot, may become so; separate litigation pending in this court suggests that the defendant may have already lost, or may not long keep, the third-party contract under which the plaintiff had a job.  *See BIS Industrial Services, Inc. v. Massey*, No. 4:13cv119-RH/CAS (N.D. Fla. March 21, 2013) (unpublished order granting a limited preliminary injunction).  The issue may be addressed in due course, perhaps at the pretrial conference.  But the issue need not be resolved at this time.  For these reasons,

IT IS ORDERED:

The motion to strike, ECF No. 15, is DENIED without prejudice.

SO ORDERED on June 18, 2013.

                                  s/Robert L. Hinkle
                                  United States District Judge